UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Madeline Enochs<br>11317 Jasmine Dr.<br>Roscoe, IL 61073<br><br>Plaintiff,<br><br>v.<br><br>Client Services, Inc.<br>c/o CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br><br>Defendant. | Case No.: **09C50102**<br><br>Judge: Reinhard<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. Between approximately September 2008 and March 2009, Defendant telephoned Plaintiff on numerous occasions in an effort to collect the debt.

FILED

APR 27 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1

8. During several of these communications, Defendant spoke to Plaintiff in a harassing, oppressing, and/or abusive manner.

9. During several of these communications, Plaintiff informed Defendant that Plaintiff had retained an attorney to file bankruptcy and provided Plaintiff's attorney's contact information.

10. During at least one of these communications, Defendant falsely represented that Defendant had telephoned Plaintiff's attorney's office and was told that Plaintiff was not represented by said attorneys.

11. During at least one of these communications, Defendant threatened to garnish Plaintiff's wages.

12. During at least one of these communications, Defendant falsely represented that Plaintiff would not be able to find a job because Plaintiff owed the debt.

13. During at least one of these communications, Defendant threatened to "prosecute" Plaintiff.

14. At the time of the communications referenced above, Defendant had neither the intent nor the ability to carry out its threatened actions.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d in that Defendant used abusive language during its communications in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
   Timothy J. Sostrin
   Bar ID # 6290807
   233 S. Wacker
   Sears Tower, Suite 5150
   Chicago, IL 60606
   Telephone: 866-339-1156
   Email: tjs@legalhelpers.com
   Attorneys for Plaintiff